SEEMAN et al. v. ZECHNOWITZ.

(Supreme Court, Appellate Division, First Department. February 4, 1910.)

TRADE-MARKS AND TRADE-NAMES (§ 95*)—INFRINGEMENT—ACTIONS—REMEDY—INJUNCTION.

    Where certain labels used by the defendant were obvious imitations of plaintiff's labels, and adopted to deceive purchasers and secure plaintiff's trade, defendant will be restrained by preliminary injunction from using them.

    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*]

Appeal from Special Term, New York County.

Action by Joseph Seeman and others, copartners as Seeman Bros., against Samuel Zechnowitz. From an order granting a preliminary injunction restraining the infringement of trade-marks and unfair competition, defendant appeals. Affirmed, as modified.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, and McLAUGHLIN, JJ.

L. B. Boudin, for appellant.
S. K. Lichtenstein, for respondents.

SCOTT, J. It is quite true, as the appellant contends, that an injunction pendente lite will not usually be granted in an action of this character, unless the right thereto is made to appear quite clearly. As to the right to enjoin defendant's use of the name "White Lily," disassociated from the labels which defendant has recently adopted, we are unwilling to decide upon the papers now before us. That question may well wait upon the trial of the action. .

As to the labels, however, we entertain no doubt at all. They are an obvious, palpable imitation of plaintiffs' label, unquestionably adopted with a view to deceiving purchasers and stealing plaintiffs' trade. It may be, as defendant claims, that the new tariff act, which reaches out in many directions, compels the use of paper packages, instead of tin; but it certainly does not compel a simulation of plaintiffs' wrappers.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

.The order appealed from will therefore be so modified as to forbid the use of the wrappers now in use by defendant, or of any other wrappers simulating the wrappers in use by plaintiffs, and, as so modified, affirmed, without costs to either party, leaving all other questions to be determined upon the trial.

Settle order on notice.   All concur.

---

### JONES v. CALVERT et al.

(Supreme Court, Appellate Division, First Department.   February 4, 1910.)

**1. LIS PENDENS (§§ 15, 20*)—CANCELLATION.**

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. §§ 24, 33; Dec. Dig. §§ 15, 20.*]

**2. LIS PENDENS (§ 15*)—RIGHT TO FILE.**

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 24; Dec. Dig. § 15.*]

**3. LIS PENDENS (§ 15*)—RIGHT TO FILE.**

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 24; Dec. Dig. § 15.*]

Appeal from Special Term, New York County.

Action by Lorena Ridgely Jones against George H. Calvert and another, as ancillary receivers, and others.   From an order conditionally granting a motion to cancel a lis pendens, and from an order denying a motion for a reargument, the ancillary receivers appeal.   Order on motion to cancel lis pendens modified and affirmed, and appeal from order denying motion for reargument dismissed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, McLAUGHLIN, and DOWLING, JJ.

William M. Chadbourne, for appellants.

Holmes Jones, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes