GOTHAM SILK HOSIERY CO., INC., Appellant, *v.* PHILIP REINGOLD
and Another, Trading as " THE REINGOLD HOSIERY CO.,"
Respondents.

First Department, May 15, 1925.

**Trade-marks and trade names — action to restrain use of " Gold Mark "**
**and use of boxes similar to those used by plaintiff in sale of similar**
**goods — affidavits show that defendants' boxes are substantially same**
**as plaintiff's — injunction pendente lite will be granted as to use of**
**boxes — injunction pendente lite denied as to use of name " Gold**
**Mark " disassociated from boxes.**

In an action to restrain the defendants from using the words " Gold Mark " in
connection with the manufacture and sale of hosiery, and in using boxes or
packages similar in appearance to those used by the plaintiff, an injunction
*pendente lite* will be granted, on the facts presented, restraining the use of the
boxes, since it clearly appears that the boxes are substantially alike and that
the defendants adopted the boxes used by them for the purpose of unfairly com-
peting with the plaintiff, but an injunction *pendente lite* will not be granted to
restrain the use of the words " Gold Mark," disassociated from the boxes
which defendants recently adopted.

APPEAL by the plaintiff, Gotham Silk Hosiery Co., Inc., from an
order of the Supreme Court, made at the New York Special Term
and entered in the office of the clerk of the county of New York
on the 17th day of March, 1925, denying plaintiff's motion for an
order to enjoin and restrain the defendants, during the pendency
of the action, from using in connection with the manufacture or
sale of hosiery not made by the plaintiff the trade-mark or trade
name " Gold Mark," either alone or in combination similar to the
plaintiff's trade-mark; from manufacturing, selling, using or adver-
tising hosiery not manufactured by the plaintiff under and in
connection with any trade-mark, trade name, label, style of package
or box similar in appearance to the plaintiff's trade names and
trade-marks, " Gotham Gold Stripe " or " Gold Stripe," used by
the plaintiff in connection with the manufacture and sale of its
" Gotham Gold Stripe " hosiery; from manufacturing, selling or
using any labels, styles of dress or package or box simulating or
imitating any of the plaintiff's " Gotham Gold Stripe " labels,
style of dress or packing; from using in connection with the
manufacture and sale of hosiery not made by the plaintiff any
trade-mark, trade name, label, style of dress or package or box
sufficiently similar in appearance to plaintiff's Exhibit " A," so as
to enable the hosiery of the defendants to be sold as and for the
hosiery of plaintiff, or so as to deceive the public or induce the
belief that the hosiery of the defendants is that of the plaintiff;

and from using in connection with the manufacture and sale of hosiery not made by the plaintiff the trade-mark, trade name, label and style of dress or package which is plaintiff's Exhibit " B."

*Spiro, Abrams. & Felstiner* [*Frank C. Laughlin* of counsel; *William Felstiner* with him on the brief], for the appellant.

*Newmark & Miller* [*Henry S. Miller* of counsel; *Robert S. Allyn* with him on the brief], for the respondents.

BURR, J.:

The conclusion that defendants intended and now intend unfairly to compete with the plaintiff is irresistible in view of the box adopted by them the first of this year.    Descriptively this box is essentially the same as the one that has been used by the plaintiff for the past four years.    It is true that one can take these two boxes and point out differences in detail, but it is only in detail that the differences lie.    The very differences, however, are earmarked with intent to deceive, as for example:  the vertical stripe of defendants' box is of the same color, blend and width, and in the exact position as the diagonal stripe on plaintiff's box; the gold field of the cover of the plaintiff's box is relieved by a black oblong with gold letters above, and white ovals with black letters below; defendants' box, correspondingly, has a black circle with gold letters above and a white oblong with black letters below.

The defendants in opposition to plaintiff's motion have presented numerous affidavits of persons engaged in the sale of hosiery, either as wholesalers, retailers or salesladies, in which the several deponents state that in their opinion the label of the defendants' box is so dissimilar to plaintiff's box that it could not deceive purchasers.    It is not claimed that the purchasing public could not likewise take the two boxes side by side and point out the details wherein the labels are dissimilar.    Obviously, that is not the test of whether a box label or other symbol used by one tradesman is an infringement upon that of another and whether it will cause confusion among purchasers.    The test is whether or not, as has been enunciated in numerous cases, the similarity is such that it would mislead the ordinary observer or purchaser.

We think the plaintiff has made out a *prima facie* case of unfair competition in respect to the use by defendants of their imitative boxes, and, adapting the language used by this court in *Seeman* v. *Zechnowitz* (136 App. Div. 937) to the facts here presented, it may be said: It is quite true, as the respondents contend, that an injunction *pendente lite* will not usually be granted in an action of this character unless the right thereto is made to appear quite clearly.    As to the right to enjoin defendants' use of the name

" Gold Mark," disassociated from the boxes which defendants have recently adopted, we are unwilling to decide upon the papers now before us.   That question may well wait until the trial of the action.   As to the boxes, however, we entertain no doubt at all.   They are an obvious, palpable imitation of plaintiff's boxes, unquestionably adopted with a view to deceiving purchasers and appropriating plaintiff's trade.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion for an injunction granted to the extent of forbidding the use of the boxes now in use by defendants or of any other boxes simulating the boxes in use by plaintiff, leaving all other questions to be determined at the trial.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted to the extent indicated in opinion.  Settle order on notice providing for the giving of security.